RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE ___8___, __10__, __07__
BY _____

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

UNITED STATES

versus

HAROLD ALEXANDER JACKSON

CRIMINAL NO. 06-50170-01
MAGISTRATE JUDGE HORNSBY
JUDGE TOM STAGG

## MEMORANDUM ORDER

Before the court are the government's objections to Magistrate Judge Mark

Hornsby's Report and Recommendation (Record Document 38).  See Record

Document 40.  In the Report and Recommendation, Magistrate Judge Hornsby

recommended that Harold Alexander Jackson's ("Jackson") motion to suppress

(Record Document 29) be granted.  Pursuant to 28 U.S.C. § 636(b)(1), this court

is required to conduct a de novo review of the portions of the Report and

Recommendation to which objections were filed.  The court may then accept, reject,

or modify, in whole or in part, the recommendations made by the Magistrate Judge.

Following a thorough review of the motion to suppress, the Report and

Recommendation, and the objections thereto, the court hereby adopts the Report and

Recommendation with the following additional observations.

The principal issue for this court's consideration is whether Trooper Nash had reasonable suspicion to continue detaining Jackson after clearing his driver's license and registration.  "Once the purpose of a valid traffic stop has been completed and an officer's initial suspicions have been verified or dispelled, the detention must end unless there is additional reasonable suspicion supported by articulable facts." United States v. Estrada, 459 F.3d 627, 631 (5th Cir. 2006).  The reasonable suspicion must be based on "specific and articulable facts" and not mere "inarticulate hunches" of wrongdoing.  United States v. Ibarra-Sanchez, 199 F.3d 753, 758 (5th Cir. 1999).

The elemental facts of the traffic stop are related in the Report and Recommendation.  Both Magistrate Judge Hornsby and the undersigned evaluated the same video evidence, noting the time intervals at each stage of the process.  The undersigned has also painstakingly reviewed the testimony of Trooper Nash from the hearing on the motion to suppress in an effort to find reasonable, articulable suspicion to justify the prolonged detention of Jackson.  After much effort, I find that the sum total of his testimony falls short of the requirements of current Fifth

2

Circuit jurisprudence.[1]

The government did not present adequate evidence of a nexus between Jackson's allegedly suspicious behavior and any specific criminal activity. Trooper Nash testified only that "his hand was trembling" when Jackson handed his license to him. See Transcript of Motion to Suppress at 5. Trooper Nash further asserted that Jackson "wouldn't look at me when he was talking to me." Id. Later, when asked on cross-examination by defense counsel to articulate each thing that he would consider as unusual behavior, Trooper Nash also mentioned that Jackson had sweat building up on his forehead and that he found that to be "odd" and "unusual." See id. at 28, 29 and 31. Trooper Nash also indicated that Jackson's "hand was fidgeting in his pocket." Id. at 32. These general statements do not amount to an "articulable suspicion that a person has committed or is about to commit a crime," as opposed to a mere hunch. Florida v. Royer, 460 U.S. 491, 498, 103 S. Ct. 1319 (1983). The exchange between defense counsel and Trooper Nash as set out on

---

[1]There were some articulable facts known to Trooper Nash after five years of roadside stops which were not articulated in his testimony (i.e., I-20 is a very busy drug corridor and Mesquite, Texas is the source of much of the drug sales in Troop G's service area).

pages 38 and 39 of the magistrate judge's opinion serves fully to illustrate the point. Furthermore, as accurately stated by the magistrate judge, the "other two factors cited by Trooper Nash (Defendant's criminal history and the fact that Defendant was moving to Atlanta because the police in Mesquite had beat him up), do not provide reasonable suspicion, either alone, or in combination with the other nervousness-related factors cited by Trooper Nash." Record Document 38 at 33.

In short, the government failed to show a sufficient, reasonable suspicion to prolong Jackson's traffic stop. "It is not the duration of time, but the quantity of evidence, that determines whether reasonable suspicion survives the officer's background check." United States v. Jenson, 462 F.3d 399, 406 n. 7 (5th Cir. 2006). In this case, as in Jenson, there were insufficient reasons for suspicion to continue once Jackson's identification cleared. A constitutional violation occurred when the detention continued past that point.

It should be noted that the undersigned experienced considerable intellectual turmoil in reaching this ultimate conclusion.[2] However, it is incumbent upon this

---

[2]The discovery of well-hidden thirty-five pounds of cocaine as a result of the officer's early "hunch" sharpens the inquiry.

4

court to carry out its duty to protect the rights of a citizen under the Fourth Amendment, regardless of the consequences.

The facts before the court and the testimony of Trooper Nash require the determination that the conclusion reached by the magistrate judge in the report and recommendation is correct.  Because the stop was continued unreasonably, an analysis of the consent to search issue is unnecessary.  Nonetheless, the magistrate judge addressed such matters, and the court ultimately agrees with his conclusion. In sum, the "totality of the circumstances" supports the ruling of Magistrate Judge Hornsby.  Accordingly;

**IT IS ORDERED** that the Report and Recommendation (Record Document 38) be adopted and that Jackson's motion to suppress (Record Documents 29) be and is hereby **GRANTED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this __9th__ day of August, 2007.

JUDGE TOM STAGG

5